# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MONTOYA, | 1:08cv00227 AWI  DLB |
| Plaintiff, | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| v. | Discovery Deadlines:<br>　Non Expert: January 5, 2009<br>　Expert: March 9, 2009 |
| TIME WARNER TELECOM HOLDINGS, INC., | Non-Dispositive Motion Deadlines:<br>　Filing: November 24, 2008<br>　Hearing: December 18, 2008 |
| Defendant. | Dispositive Motion Deadlines:<br>　Filing: January 30, 2009<br>　Hearing: March 2, 2009 |
| | Settlement Conference:<br>　October 16, 2008, at 10:00 a.m. |
| | Pre-Trial Conference:<br>　April 3, 2009, at 8:30 a.m.<br>　Courtroom 2 |
| | Trial: June 2, 2009, at 9:00 a.m.<br>　Courtroom 2   JT   8 days |

**I.  Date of Scheduling Conference**

April 28, 2008.

1

**II.  Appearances of Counsel**

Shelley G. Bryant appeared on behalf of Plaintiff.

Daniel H. Handman and Amy A. Durgan appeared on behalf of Defendant.

**III.  The Pleadings**

    A.  Summary of the Pleadings

Plaintiff alleges that Defendant unlawfully discriminated against him based upon age by terminating his employment in January 2007, for alleged poor performance. Plaintiff further alleges that the reason offered for his termination is pretextual, factually baseless, and unworthy of credence. Plaintiff seeks: (1) economic damages, including past and future lost wages and benefits; (2) non-economic damages, including, but not limited to emotional distress; and (3) punitive damages.

Defendant denies these allegations. It maintains that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons having to do with his work performance and violation of company policy – not his age. Defendant denies all other allegations of wrongful conduct and denies that Plaintiff has suffered any damages.

    B.  Orders Re Amendment of Pleadings

No amendments are proposed at this time.

**IV.  Factual Summary**

    A.  Admitted Facts which are deemed proven without further proceedings:

        1.  Plaintiff alleges that Defendant unlawfully discriminated against him based upon age by terminating his employment in January 2007, for alleged poor performance. Plaintiff further alleges that the reason offered for his termination is pretextual, factually baseless, and unworthy of credence.

        2.  Plaintiff seeks:

            a.  economic damages, including past and future lost wages

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | and benefits; |
| 2 |   | b. | non-economic damages, including, but not limited to |
| 3 |   |   | emotional distress; and |
| 4 |   | c. | punitive damages. |
| 5 | 3. | Defendant denies these allegations.  It maintains that Plaintiff's |
| 6 |   | employment was terminated for legitimate, non-discriminatory |
| 7 |   | reasons having to do with his work performance and violation of |
| 8 |   | company policy – not his age. |

                b.    non-economic damages, including, but not limited to emotional distress; and

                c.    punitive damages.

        3.    Defendant denies these allegations. It maintains that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons having to do with his work performance and violation of company policy – not his age.

        4.    Defendant denies all other allegations of wrongful conduct and denies that Plaintiff has suffered any damages.

        5.    Plaintiff is a resident of the Eastern District of California where the alleged discrimination occurred.

        6.    Time Warner Telecom Holdings Inc. ("TWTC"), is a Delaware corporation, with its headquarters and principal place of business in Colorado, and conducts business in California.

        7.    Mr. Montoya was employed by a company that was ultimately acquired by TWTC from November 1998, to January 11, 2001, and then by TWTC from that date to January 12, 2007.

    B.    Contested Facts:

        1.    All remaining factual issues in the Complaint are generally contested.

**V.**    **Legal Issues**

    A.    Uncontested:

        1.    Jurisdiction exists under 28 U.S.C. § 1332.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree that the substantive law of the State of California

provides the rule of decision for Plaintiff's discrimination claim. Plaintiff's claims for age discrimination arise under the California Fair Housing and Employment Act (FEHA), which authorizes injunctive relief and attorney's fees. [Cal. Gov't Code §§12940 et seq.] Plaintiff's claim for punitive damages arises under California law as well. [See Cal. Civ. Code §3294.]

    B.    Contested:

        1.    All remaining legal issues are contested.

## VI. Discovery Plan and Cut-Off Date

The parties are ordered to complete all discovery pertaining to non-experts on or before January 5, 2009, and all discovery pertaining to experts on or before March 9, 2009.

The parties are directed to disclose all expert witnesses, in writing, on or before January 26, 2009, and to disclose all supplemental experts on or before February 9, 2009. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

## VII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than November 24, 2008, and heard on or before December 18, 2008. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck,

1  United States Magistrate Judge in Courtroom 9.  **Counsel must comply with Local Rule 37-251**
2  **with respect to discovery disputes or the motion will be denied without prejudice and**
3  **dropped from calendar.**
4           In scheduling such motions, the Magistrate Judge may grant applications for an
5  order shortening time pursuant to Local Rule 6-142(d).  However, if counsel does not obtain an
6  order shortening time, the notice of motion *must* comply with Local Rule 37-251.
7           Counsel may appear and argue non-dispositive motions by telephone, providing a
8  written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five
9  (5) court days before the noticed hearing date.  In the event that more than one attorney requests
10 to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and
11 originate a conference call to the court.
12          All Dispositive Pre-Trial Motions shall be filed no later than January 30, 3009,
13 and heard no later than March 2, 2009, in Courtroom 2 before the Honorable Anthony W. Ishii,
14 United States District Court Judge.  In scheduling such motions, counsel shall comply with **Local**
15 **Rules 78-230 and 56-260**.
16          **VIII.   Pre-Trial Conference Date**
17          April 3, 2009, at 8:30 a.m. in Courtroom 2 before Judge Ishii.
18          The parties are ordered to file a **Joint Pretrial Statement pursuant to Local**
19 **Rule 16-281(a)(2).**  The parties are further directed to submit a digital copy of their pretrial
20 statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by email at
21 AWIOrders@caed.uscourts.gov.
22          Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of
23 Practice for the Eastern District of California, as to the obligations of counsel in preparing for the
24 pre-trial conference.  The Court will insist upon strict compliance with those rules.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

**IX.   Trial Date**

June 2, 2009, at 9:00 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    A.    This is a jury trial.

    B.    Counsels' Estimate of Trial Time: 8 days.

    C.    Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**X.   Settlement Conference**

A Settlement Conference is scheduled for October 16, 2008, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to DLBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.  The relief sought.

    F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XI.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.  Related Matters Pending**

There are no pending related matters.

**XIII.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.  Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for

1  this case.  If the parties determine at any time that the schedule outlined in this order cannot be
2  met, counsel are ordered to notify the court immediately of that fact so that adjustments may be
3  made, either by stipulation or by subsequent status conference.
4         Stipulations extending the deadlines contained herein will not be considered
5  unless they are accompanied by affidavits or declarations, and where appropriate attached
6  exhibits, which establish good cause for granting the relief requested.
7         Failure to comply with this order may result in the imposition of sanctions.

9  IT IS SO ORDERED.
10  Dated:    **May 5, 2008**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE